UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUCKSKIN REALTY INC.,<br><br>　　　　　　　Plaintiff,<br>– against –<br><br>MARK D. GREENBERG, an individual, and GREENBERG AND GREENBERG, a partnership,<br><br>　　　　　　　Defendants. | MEMORANDUM AND ORDER<br>16-MC-1237 |

**PARTIES**

Buckskin Realty Inc.

Mark D. Greenberg
Greenberg and Greenberg

**APPEARANCES**

Frederick Cains
430 E. 86th St.
New York, NY 10028
Tel: (212) 229-9920
frederickcains@yahoo.com

Izabell Lemkhen
Benjamin M. Oxenburg
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, NY 10006
Tel: (212) 867-4100
Fax: (212) 867-4118
ilemkhen@fkblaw.com
boxenburg@fkblaw.com

1

## Table of Contents

I. Introduction ............................................................................................................. 2
II. Factual Background ................................................................................................ 3
III. Parties' Arguments .................................................................................................. 5
IV. Legal Analysis ........................................................................................................ 6
   A. Standard of review ........................................................................................... 6
   B. Application of Law to Facts ............................................................................ 8
V. Conclusion ............................................................................................................ 10

## I. Introduction

This is a motion for leave to appeal an interlocutory order from an adversary proceeding pending in the United States Bankruptcy Court for the Eastern District of New York. That proceeding is a legal malpractice case brought by Buckskin Realty, Inc. ("Buckskin"), a New York real estate company, against its former counsel, Mark D. Greenberg, and his firm, Greenberg & Greenberg (collectively "Greenberg").

Buckskin is moving pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure ("FRBP") 8004 for leave to appeal an order that denied entry of a default judgment against Greenberg. The motion was heard on June 29, 2016. *See* Hr'g Tr., June 29, 2016.

The motion is denied. District courts will not grant leave to appeal a bankruptcy court's interlocutory order unless the appellant can show that the underlying order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that immediate appeal from the order may materially advance the ultimate termination of the litigation. Buckskin has not made such a showing.

## II. Factual Background

Greenberg represented Buckskin in a foreclosure action in New York Supreme Court, in which Buckskin was the defendant. *See* Mem. of Law in Supp. of Mot. for Leave to Appeal Interlocutory Orders, Mar. 23, 2016, ECF No. 1 ("Pl.'s Mem."), at 2. Before Greenberg was retained, a default judgement was entered against Buckskin. *Id.* at 3; Mem. of Law in Opp'n to Pl.'s Mot. for Leave to Appeal Interlocutory Orders by Defs., Mark D. Greenberg, Greenberg & Greenberg, Apr. 5, 2016, ECF No. 1-4 ("Opp'n Mem."), at 2. Greenberg was unsuccessful in vacating the default judgment. Opp'n Mem. at 3. Shortly thereafter, Buckskin ended its attorney-client relationship with Greenberg and filed for Chapter 11 Bankruptcy. *Id.*

Buckskin, represented by new counsel, commenced an adversary proceeding in the bankruptcy court against Greenberg, alleging legal malpractice. Pl.'s Mem. at 3. The following procedural history is uncontested:

- On December 26, 2015, Buckskin commenced an adversary proceeding in the bankruptcy court against Greenberg. *See* Docket Sheet of *Buckskin Realty Inc v. Mark D. Greenberg*, No. 15-BR-1203 (Bankr. E.D.N.Y. 2015), ECF No. 1-2 ("Bankruptcy Docket");
- The Clerk issued the Summons with a return date of January 27, 2016. *See id.* (Summons, Dec. 28, 2015, ECF No. 2);
- On January 26, 2016, Greenberg's counsel contacted Buckskin's counsel by e-mail requesting an extension of time to respond to the complaint on the ground that Greenberg's counsel was recently retained. *See* Opp'n Mem. at 3;
- On January 28, 2016, after receiving no response to the first request, Greenberg's counsel sent a second e-mail to Buckskin's counsel requesting an extension. *Id.* at 4. Buckskin's

counsel replied, stating that it would not consent to an extension absent Greenberg's proffer of a "meritorious defense." *Id.*; Pl.'s Mem. at 3-4. Later that day, Greenberg's counsel filed a motion to extend Greenberg's time to respond to the complaint. *See* Bankruptcy Docket (Motion to Extend Time, Jan. 28, 2016, ECF No. 7).

- On February 10, 2016, Buckskin filed a motion for default judgement against Greenberg. *See* Pl.'s Mem. at 4; Opp'n Mem. at 4; Bankruptcy Docket (Mot. for Default J., Feb. 10, 2016, ECF No. 11).

- On February 11, 2016, the bankruptcy court entered an order granting the motion to extend time. *See* Pl.'s Mem. at 4; Opp'n Mem. at 4; Bankruptcy Docket (Order Extending Time, Feb. 11, 2016, ECF No. 12).

- On February 24, 2016, the bankruptcy court held a hearing on the motion for a default judgment. The court determined that a default judgment would not serve the interests of justice. It orally denied the motion. *See* Pl.'s Mem. at 4; Opp'n Mem. at 5; Bankruptcy Docket; Hr'g Tr., June 29, 2016, at Ct. Ex. 1 (Feb. 24, 2016 Bankruptcy Court Hr'g Tr.).

- On March 18, 2016, the bankruptcy court entered a written order denying the motion for default judgment. *See* Bankruptcy Docket (Order Denying Mot. for Default J., Mar. 18, 2016, ECF No. 22).

- On March 23, 2016, Buckskin filed the instant motion for leave to appeal the bankruptcy court's order denying a default judgment. *See* Bankruptcy Docket (Mot. for Leave to Appeal Interlocutory Orders, Mar. 23, 2016, ECF No. 24).

## III. Parties' Arguments

Buckskin argues that the bankruptcy court failed to follow the requirement of FRBP 9006(b). That rule provides:

> (1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.*

Fed. R. Bankr. P. 9006(b) (emphasis added). Buckskin argues that Greenberg made no showing of "excusable neglect," and thus the bankruptcy court erred in granting the motion to extend Greenberg's time to answer. *See* Pl.'s Mem. at 4-5. Since Greenberg did not file an answer within the allotted time, Buckskin contends, a default judgment should have been entered against it. *Id.*

Greenberg contends that the bankruptcy court properly exercised its discretion to enlarge the time it had to file an answer because "excusable neglect" is a "flexible standard" which takes into consideration all relevant circumstances, including the recent retention of counsel and that time was needed to properly investigate the legal malpractice allegations set forth in the complaint before responding. Opp'n Mem. at 6-7. It further contends that Buckskin's argument is without merit, since the reason why it missed the deadline to respond was because of Buckskin's deliberate withholding of consent for two days while negotiations to obtain consent were being conducted. *See id.* at 6.

5

## IV. Legal Analysis

### A. Standard of review

The interlocutory order at issue can only be reviewed on its merits if the court grants the plaintiff leave to appeal the order. *See* 28 U.S.C. § 158(a) (granting district courts jurisdiction to hear appeals from interlocutory orders issued by a bankruptcy court "with leave of the court"). "Since interlocutory appeals are disfavored, [t]he party seeking an interlocutory appeal has the burden of showing 'exceptional circumstances.'" *In re St. Clair*, No. 13-MC-1057, 2014 WL 279850, at *3 (E.D.N.Y. Jan. 21, 2014) (citations omitted).

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide precise standards for district courts to follow in determining whether to grant leave to appeal an interlocutory order. "It has been recognized, however, that the decision is within the district court's sound discretion and that the court may apply, by analogy, the standards set forth in 28 U.S.C. § 1292(b) governing the appealability of interlocutory decisions of district court judges." *40 CPS Assocs., LLC v. The Villano Family Ltd. P'ship*, No. 15-CV-2055, 2015 WL 7455526, at *18 (E.D.N.Y. Nov. 23, 2015) (quoting *In re Club Ventures Invs. LLC*, 507 B.R. 91, 97 (S.D.N.Y. 2014)); *see also Mount Sinai Hosp. v. Arana*, Nos. 11-CV-5360, 11-CV-6194, 2012 WL 3307357, at *2 (E.D.N.Y. Aug. 12, 2012) ("While neither section 158 nor the Bankruptcy Rules provide guidelines for determining whether a district court should grant leave to appeal, most district courts in this Circuit have applied the standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b).").

A district court is authorized to certify an interlocutory order for appeal when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Judges have

unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." *United States v. Bond*, No. 09-CV-1824, 2009 WL 3254472, at *5 (E.D.N.Y. Oct. 9, 2009) (citations omitted).

The first prong of the test – whether the "order involves a controlling question of law" – is satisfied "if reversal of the [bankruptcy] court's order would terminate the action." *In re St. Clair*, 2014 WL 279850, at *4 (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)); *see also Picard v. Estate of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011) ("controlling question of law" is one in which "reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation"). The question of law must be a "pure" question that does not require resort to the case docket for study. *In re Futter Lumber Corp.*, 473 B.R. 20, 27 (E.D.N.Y. 2012).

The second prong of the test – whether "there is substantial ground for difference of opinion" – is satisfied if there is "a genuine doubt as to whether the bankruptcy court applied the correct legal standard." *In re St. Clair*, 2014 WL 279850, at *4 (quoting *MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd.*, 358 B.R. 76, 79 (S.D.N.Y. 2006)); *see also In re Futter Lumber Corp.*, 473 B.R. at 29 ("Substantial ground for difference of opinion exists where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.") (citations omitted). "[M]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *Mount Sinai Hosp.*, 2012 WL 3307357, at *5 (citations omitted).

The third prong of the test – whether an appeal would "materially advance the ultimate termination of the litigation" – is satisfied when the "appeal promises to advance the time for

trial or to shorten the time required for trial." *In re St. Clair*, 2014 WL 279850, at *5 (citations omitted).

### B. Application of Law to Facts

The first prong of the test is not met here because a "controlling question of law" is not involved.

Buckskin argues that the question on appeal is a pure question of law because "[n]o federal court has ever held that the requirement of FRBP 9006(b)(2) that an excusable default be proffered before an enlargement of time may be granted . . . can be waived by a bankruptcy judge 'in the interests of justice." Pl.'s Mem. at 6. There are two problems with Buckskin's argument.

First, the question on appeal, should leave be granted, is whether the bankruptcy court correctly denied the motion for entry of a default judgment, not whether it correctly extended the time for Greenberg to file an answer. Two separate orders on two separate motions were made by the bankruptcy court – only one is being appealed – the denial of a default judgment. *See* Bankruptcy Docket (ECF No. 24); Not. of Mot. for Leave to Appeal Interlocutory Orders, Mar. 23, 2016, ECF No. 1, at 2 (specifying only the order denying the motion for default judgment).

In evaluating a motion for a default judgment, Federal Rule of Civil Procedure 55 applies. *See* FRBP 7055. A trial court evaluating a motion for default is afforded a significant amount of discretion. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."); *see also In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) ("Decisions by the bankruptcy court

granting or denying a motion to reopen a default are not disturbed, absent an abuse of discretion. The reason is that such decisions invoke the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case.") (citations omitted). A review of the bankruptcy court's order would require examination of the record to determine whether there was an abuse of discretion. Thus, the question presented is not a pure question of law.

Second, even if it were the motion to extend time that was being appealed, that too would not be a pure question of law. The question on appeal of that motion would be whether the bankruptcy court correctly exercised its discretion to "permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b).

> [T]he determination of whether to permit an untimely action must be made taking account of all relevant circumstances surrounding the party's omission, including 'the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Am. Land Acquisition, Corp. v. Pergament*, No. 13-CV-4357, 2014 WL 904963, at *5 (E.D.N.Y. Mar. 6, 2014) (quoting *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993) ("Rule 9006's allowance for late filings due to 'excusable neglect' entails a[n] . . . equitable inquiry.").

In order to reach a conclusion on this question, the court would have to conduct fact-finding to determine whether the circumstances satisfy the standard of "excusable neglect." The court could not decide the question "quickly and cleanly without having to study the record."

The second prong of the test is not met because all Buckskin has argued is that the bankruptcy court erred in its decision. Without citation to any authority, Buckskin simply states

that the bankruptcy court's order granting Greenberg an extension of time in the interests of justice "would be new law." *See* Pl.'s Mem. at 6; *see also* Hr'g Tr., June 29, 2016. The problem is that Buckskin is conflating the two separate motions that were ruled upon. Considering whether a default judgment would serve the interests of justice is appropriate. There is no substantial ground for a difference of opinion on the correct standard for the entry of a default judgment or that the bankruptcy court properly applied that standard.

The third prong might be met since a default judgment could speed the resolution of the adversarial proceeding. But speed might well increase the chance of error. In this case, the potential error is a legal malpractice judgment and an award of damages totaling several hundred thousand dollars. *See* Hr'g Tr., June 29, 2016.

## V. Conclusion

It is apparent that the matter currently pending before the bankruptcy court is one of substantial importance. *See id.* The court does not favor resolving decisions of such significance on the merits – particularly when they involve potentially impugning the reputation of a member of the bar – on procedural grounds. The motion for leave to appeal the denial of the motion for default judgment is denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 29, 2016
Brooklyn, New York